UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

      -against-

ERIC C. MALLEY and
MG CAPITAL MANAGEMENT LP,

                Defendants, and

MG GP III LP, and
MG CAPITAL REALTY MANAGEMENT LLC,

                Relief Defendants.

21 Civ. 237 (VEC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/14/2022

**FINAL JUDGMENT AS TO RELIEF DEFENDANT
MG CAPITAL REALTY MANAGEMENT LLC**

The Securities and Exchange Commission having filed a Complaint and Relief Defendant MG Capital Realty Management LLC ("Relief Defendant) having entered a general appearance; consented to the Court's jurisdiction over Relief Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction), waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable on a joint and several basis with Defendant Eric C. Malley ("Malley") for disgorgement of $2,184,450, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $196,769.57, for a total amount of $2,381,219.57, which the Court finds is for the benefit of investors, and which is deemed

satisfied by the entry against Malley, the owner of Relief Defendant, in the criminal case before the United States District Court for the Southern District of New York titled *United States v. Eric Malley,* 21-cr-215 (SDNY), of the restitution order in the amount of $33,249,822.12 and the forfeiture order in the amount of $5,625,747.45.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: _____March 14__, 2022_____

The Clerk of Court is respectfully directed to terminate this case.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>-against-<br><br>ERIC C. MALLEY and<br>MG CAPITAL MANAGEMENT LP,<br><br>Defendants, and<br><br>MG GP III LP, and<br>MG CAPITAL REALTY MANAGEMENT LLC,<br><br>Relief Defendants. | 21 Civ. 237 (VEC) |

## CONSENT OF RELIEF DEFENDANT MG CAPITAL REALTY MANAGEMENT LLC

Relief Defendant MG Capital Realty Management LLC ("Relief Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Relief Defendant and over the subject matter of this action.

Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 10 and except as to personal and subject matter jurisdiction, which Relief Defendant admits), Relief Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a) orders Relief Defendant to pay disgorgement on a joint and several basis with Defendant Eric C. Malley ("Malley") in the amount of $2,184,450, plus prejudgment interest thereon in the amount of $196,769.57, which is deemed satisfied by the entry of the restitution order in the amount of $33,249,822.12 and the forfeiture order in the amount of $5,625,747.45 against Malley in the criminal case before the United States District Court for the Southern District of New York titled *United States v. Eric Malley*, 21-cr-215 (SDNY).

Relief Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

Relief Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

Relief Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Relief Defendant to enter into this Consent.

Relief Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

Relief Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

Relief Defendant of its terms and conditions. Relief Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Relief Defendant has received and read a copy of the Final Judgment.

Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Relief Defendant in this civil proceeding. Relief Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Relief Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Relief Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Relief Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

Relief Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Relief Defendant's agreement to comply with the terms of Section 202.5(e), Relief Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Relief Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Relief Defendant does not deny the allegations; (iii) upon the filing of this Consent, Relief Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Relief Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Relief Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19). If Relief Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Relief Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

Relief Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Relief Defendant to defend against this action. For these purposes, Relief Defendant agrees that Relief Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

12. Relief Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

13. Relief Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated: 1/18/2022

MG Capital Realty Management LLP

_[signature]_
Eric C. Malley
Principal Owner of MG Capital Realty Management LLP

On January 18, 2022, Eric C. Malley, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of MG Capital Realty Management LLP as its principal owner.

KERRY A. LAWRENCE
Notary Public, State Of New York
No. 02LA6038044
Qualified In Westchester County
Commission Expires May 21, 2023

_[signature]_
Notary Public
Commission expires:

Approved as to form:

_[signature]_
Kerry A. Lawrence
Law Office of Kerry Lawrence, PLLC
140 Grand Street, Ste. 705
White Plains, NY 10601
914-946-5900

5